IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-661-MOC-DCK

| | |
|---|---|
| J. ALEXANDER HEROY, as Guardian Ad Litem for C.S., a minor, THOMAS P. PANSA, and wife, PATRICIA D. PANSA,<br><br>Plaintiffs,<br><br>v.<br><br>GASTON COUNTY BOARD OF EDUCATION and, NICHOLAS PATTERSON, in his individual capacity<br><br>Defendants. | **STIPULATED CONSENT PROTECTIVE ORDER** |

Plaintiffs and Defendants, pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), anticipating in this case the disclosure to each other of personnel records and information, student records and information, and medical and/or financial information in initial disclosures and in response to discovery requests, and recognizing that the private and confidential nature of such documents and information must be safeguarded pursuant to **N.C. Gen. Stat. §§115C-319; 115C-320; 115C-321 *et seq.*; 115C-325; 115C-402 *et seq.*; 115C-109 *et seq.* and the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, §§ 1412 and 1417(a) (IDEA) and related regulations,** consent to disclose said documents and information upon the conditions set forth in this Protective Order, which conditions are consented to by the parties.

IT IS THEREFORE ORDERED:

1. That all documents and information relating to current or former students, including Minor Plaintiff, enrolled in the Gaston County Schools which are provided to any party in the above-captioned case shall be covered by the terms of this Order. The Parties in

1

possession of such records shall comply with FERPA, which requires reasonable efforts to provide notice so that parents or eligible students may seek protective action prior to such production.

2. That all records which are maintained by law or policy in the personnel files of specific current and former employees of the Gaston County Board of Education or in the files of applicants for positions with the Gaston County Schools, which are provided to any party in the above-captioned case, shall be covered by the terms of this Order.

3. That all documents and information relating to Minor Plaintiffs' medical and/or financial records which are provided to any party in the above-captioned case shall be covered by the terms of this Order.

4. That any party which provides documents subject to this Order shall label said documents: "Confidential – Subject to Protective Order." Each party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation. Notwithstanding the "confidential" designation, a party may redact certain sensitive information within a particular document, such as social security numbers, dates of birth, financial account information, etc. *See* Fed. R. Civ. P. 5.2.

5. Parties seeking to <u>file or maintain under seal</u> any documents labeled "Confidential" in accordance with the provisions of this Protective Order shall comply with the provisions of Local Civil Rule 6.1 and the Administrative Procedures Governing Filing and Service by Electronic Means.

6. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("confidential documents"), as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose

than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 7.

7. Except as provided in paragraph 8, access to or use of protected information or any confidential documents, or any part thereof, as well as matters contained therein, shall be limited to:

    a. The Court;

    b. The parties and their officers, employees, and agents who are providing assistance to counsel in this action;

    c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

    d. Mediators;

    e. Consultants and experts involved in the preparation of the trial of this action;

    f. Court reporters, their transcribers, assistants, and employees;

    g. Any deponent or trial witness to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

    h. Members of the jury to the extent that it is necessary for the jury to inspect a confidential document.

8. Absent a court order authorizing disclosure, no one subject to this Order shall make public or disclose protected information or confidential documents to anyone other than the persons listed in paragraph 7, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open

court or at depositions. The terms of this Order shall apply to all persons listed in paragraph 7, and counsel who grant any such person access to protected information or confidential documents shall have an affirmative duty to furnish the person with a copy of this Order. Individuals permitted access to protected information or confidential documents are hereby ordered not to convey or otherwise reveal said information or documents – whether originals or copies, in whole or in part – to anyone who would not otherwise have access to them under this Order.

9. It is specifically agreed that making confidential materials or documents available for inspection, and the production of confidential information, materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action.

10. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

11. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

12. At the conclusion of this litigation, copies of confidential documents will be retained by counsel in accordance with the Rules of the North Carolina State Bar. Following the required period of retention, counsel shall either destroy or return to opposing counsel all confidential documents or copies of confidential documents that have been produced subject to

this Protective Order. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

13. Each party shall be responsible for its own mailing costs with regard to the return of the documents provided pursuant to this agreement, or costs of destruction.

SO ORDERED.

David C. Keesler
United States Magistrate Judge

Signed: January 16, 2020

AGREED TO:

| | |
|---|---|
| **DeVORE, ACTON & STAFFORD, P.A.** | **THARRINGTON SMITH, LLP** |

/s/ F. William DeVore, IV
F. William DeVore, IV, N.C. Bar No. 39633
wdevore@devact.com
438 Queens Road
Charlotte, NC 28207
Telephone: (704) 377-5242
Facsimile: (704) 332-2825
*Attorney for Plaintiffs*

/s/ Daniel W. Clark
Daniel W. Clark
Deborah R. Stanger
P.O. Box 1151
Raleigh, NC 27602-1151
Email: dclark@tharringtonsmith.com;
       dstagner@tharringtonsmith.com
*Attorneys for Defendants*

**JAMES, McELROY & DIEHL, P.A.**

/s/ Alexander Heroy
J. Alexander Heroy, N.C. Bar No. 39752
525 N. Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
Email: aheroy@jmdlaw.com
*Guardian ad Litem for C.S., a minor*

2054468