# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-661-MOC-DCK

| | |
|---|---|
| J. ALEXANDER HEROY, Guardian ad Litem for minor C.S; PATRICIA D. PANSA; and THOMAS P PANSA; <br><br> Plaintiffs, <br><br> v. <br><br> GASTON COUNTY BOARD OF EDUCATION; and NICHOLAS PATTERSON; <br><br> Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion For Leave To Amend Complaint" (Document No. 21) filed January 27, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend and direct that "Defendants' Motion For Partial Dismissal" (Document No. 12) be denied as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

Defendants removed Plaintiffs' state court "Complaint" (Document No. 1-1) to this Court on December 4, 2019. Defendants were then allowed an extension of time to respond to the Complaint, an extension of time to respond to discovery requests, and leave to file excess pages. See (Document Nos. 5, 7, and 10).

"Defendants' Answer . . . " (Document No. 11) and "Defendants' Motion For Partial Dismissal . . . " (Document No. 12) were filed on December 31, 2019. On January 10, 2020, the parties filed a "Joint Stipulation Of Dismissal, Without Prejudice" (Document No. 15) agreeing to dismiss Plaintiffs' fourth and fifth causes of action. The Court issued a "Pretrial Order And Case Management Plan" (Document No. 19) on January 16, 2020. The "…Case Management Plan" includes the following deadlines:  discovery – October 21, 2020;  dispositive motions – November 20, 2020;  and trial – April 19, 2021.  (Document No. 19, p. 1).

Soon after the motion for partial dismissal was fully briefed, and twenty-seven (27) days after it was filed, Plaintiffs' filed their "…Motion For Leave To Amend Complaint" (Document No. 21). Plaintiffs seek to add additional factual allegations and a claim pursuant to 42 U.S.C. § 1983. (Document No. 21).

After considering the parties' arguments for and against amendment, the undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend; therefore, the undersigned will allow Plaintiffs to file an Amended Complaint which supersedes the original Complaint. Plaintiffs may revise the "…Proposed First Amended Complaint" (Document No. 21-1), taking into account the latest filings and/or further developments in this case. Plaintiffs might also consider if their proposed statement regarding jurisdiction is accurate and complete.

In addition, the undersigned will direct that "Defendants' Motion For Partial Dismissal" (Document No. 12) be denied as moot. It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, as appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion For Leave To Amend Complaint" (Document No. 21) is **GRANTED**.[1] Plaintiffs shall file an Amended Complaint on or before **March 3, 2020.**

**IT IS FURTHER ORDERED** that "Defendants' Motion For Partial Dismissal" (Document No. 12) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: February 25, 2020

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."