UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-661-MOC-DCK

| | |
|---|---|
| J. ALEXANDER HEROY, as Guardian Ad Litem for C.S., a minor, THOMAS P. PANSA, and wife, PATRICIA D. PANSA, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| GASTON COUNTY BOARD OF EDUCATION and NICHOLAS PATTERSON, in his individual capacity, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

In this pending action, a high school student, C.S., and his parents Thomas and Patricia Pansa, have sued the Gaston County Board of Education and teacher Nicholas Patterson, regarding a locker room altercation between male high school students. Plaintiffs bring state law negligence claims, as well as claims of violations of Plaintiffs' federal constitutional rights.

This matter is before the Court on a letter "Notice of Objection," filed by nonparties Gordon and Brenda Stewart, (Doc. No. 23), in which they state that they do not want any of their minor son's records—student, medical, financial, or otherwise—to be "disclosed for this case." The Stewarts filed this objection after receiving notice from defense counsel that their child's name appears in some relevant discovery documents. The notice was provided under the Family Educational Rights and Privacy Act ("FERPA"), which states that before complying with a subpoena or court order for the release of confidential student information, the school system

should first notify the student's parent or guardian.  See 20 U.S.C. § 1232g(b)(2)(B).

Defendants have filed a response to the formal objection filed by the Stewarts.  (Doc. No. 25).  The Court overrules the Stewarts' objection for the reasons stated in Defendants' brief in opposition to the objection.[1]  That is, the Court finds that the Court's entry of a Stipulated Consent Protective Order in this case is sufficient to protect student records from unnecessary disclosure.  Furthermore, the protected disclosure of certain information is essential to enable full and fair litigation of this action.  Finally, the Court notes that, when considering motions to compel and objections on the basis of FERPA, other federal courts have found that FERPA "does not create an evidentiary privilege ... [and] documents covered by FERPA are indeed discoverable in the context of a civil action."  Morton v. Bossier Parish Sch. Bd., 2014 WL 1814213, at *3 (W.D. La. May 6, 2014) (unpublished) (alterations in original) (quoting Garza v. Scott & White Mem'l Hosp., 234 F.R.D. 617, 624 (W.D. Tex. 2005)).

Thus, to the extent that the letter objection can be construed as a justiciable motion, the objection (Doc. No. 23) is overruled and denied.

**IT IS SO ORDERED.**

Signed: March 4, 2020

Max O. Cogburn Jr
United States District Judge

---

[1] Plaintiffs have also filed a response to the objection, in which they agree with the substantive arguments made in Defendants' response.  See (Doc. No. 26).